IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **NORBERTO BARRERA** | § | |
| | § | |
| V. | § | Case No. A-07-CA-628-SS |
| | § | [NO. A-9$\cancel{7}$-CR-022(1)-SS] |
| **UNITED STATES OF AMERICA** | § | 6 |

### ORDER

BE IT REMEMBERED on the  25$^{ta}$  day of September 2008 the Court reviewed the file in the above-styled cause, and specifically, Norberto Barrera's Motion for Reconsideration for the Court to Address the Excusable Neglect Under Equitable Tolling [#69 filed September 22, 2008], and thereafter, enters the following:

On October 31, 2007, this Court issued its order denying Norberto Barrera's Motion to Vacate, Set Aside, and Correct Sentence in a final judgment. Barrera then filed his notice of appeal on March 31, 2008. The United States Court of Appeals for the Fifth Circuit dismissed Barrera's appeal by entering an order on April 30, 2008, specifically finding that the last day a timely appeal could be filed was January 2, 2008. Barrera filed a motion for reconsideration, which the Fifth Circuit construed as a petition for rehearing. The Fifth Circuit denied the request for rehearing on June 27, 2008.

On August 15, 2008, Barrera placed in the mail to this Court his Motion for Relief from Judgement Under Rule 60(b)(1). Barrera requested, pursuant to Rule 60(b)(1), that he be allowed to have equitable tolling from October 31, 2007, until March 31, 2008, to file his notice of appeal. The justification for the request for equitable tolling was supported by a correctional counselor in

the Federal Bureau of Prisons advising that Barrera was placed in a restricted unit due to security reasons on August 21, 2007, and thereafter, on September 26, 2007, placed in a special housing unit until February 7, 2008. From August 21, 2007, until February 7, 2008, Barrera had his access to law library and his legal materials restricted. On August 27, 2008, the Court denied Barrera's Motion for Relief from Judgement, noting there was no indication of any events that inhibited Barrera from filing a notice of appeal from February 7, 2008, to March 31, 2008.

On September 18, 2008, Barrera placed in the mail his Motion for Reconsideration for the Court to Address the Excusable Neglect Under Equitable Tolling. Attached to the motion is a letter from his correctional counselor, clarifying that Barrera did not have immediate access to his personal property, to include his legal materials, while he was incarcerated in the special housing unit.

Barrera was required to file his notice of appeal of the October 31, 2007 order denying § 2255 relief within sixty days, unless the court extended the appeal period under Fed. R. App. P. 4(a)(5), or reopened the appeal period under Fed. R. App. P. 4(a)(6). Barrera did not move to extend the appeal period within thirty days of the expiration of the original appeal period as required by Fed. R. App. P. 4(a)(5)(A). Nor did he move to reopen the appeal period under Rule 4(a)(6). The Court notes Barrera has not alleged that he did not timely receive a copy of the Court's October 31, 2007 order. Despite Barrera's assertion that he was in a special housing unit without legal materials for much of the time following entry of the district court's order, the time accorded Barrera to file a notice of appeal or move to extend the appeal period is jurisdictional. Bowles v. Russell, --- U.S. ----, 127 S. Ct. 2360 (2007).

It is therefore **ORDERED** that the Motion for Reconsideration, filed by Norberto Barrera on September 22, 2008, is **DENIED.**

SIGNED this 25th day of September, 2008.

SAM SPARKS
UNITED STATES DISTRICT JUDGE